AMERICAN REALTY COMPANY *v.* HISEY.

Opinion delivered May 11, 1914.

FRAUDULENT REPRESENTATIONS—EXCHANGE OF LANDS—.To maintain an action for false and fraudulent representations as to land sold, the party complaining must prove that the fraud in some manner induced plaintiff to make the contract; that he was injured thereby; that he contracted upon the faith of the defendant's representations, and that he relied upon them, and had a right to rely upon them in the full belief of their truth.

Appeal from Cleburne Circuit Court; *George W. Reed*, Judge; affirmed.

*Wood & Casey* and *Mitchell & Thompson*, for appellant; *John Hickey*, of counsel.

1. In. a civil case the jury are the judges of the facts, but never the judges of the law. An instruction leaving to the jury to decide questions of law is erroneous. 49 Cal. 56; 40 Ky. 105; 80 Md. 214; 30 Atl. 904; 1 Mo. 97; 15 *Id.* 63; 88 *Id.* 150; 26 Ill. 438, 440-2; 18 Ind. 291; 25 Ind. App. 538; 40 *Id.* 156, 163-5.

2. All questions of law are exclusively for the court. 73 Ind. 577-9; 18 *Id.* 291; 11 Enc. Pl. & Pr., 57-60; 120 Ind. 6; 16 Am. St. 298; 16 Ind. App. 504; 151 Ind. 343; 19 S. E. 492; 24 Tex. 538; 56 Fed. 810; 12 U. S. App. 490; 85 Ga. 638; 11 S. E. 1027; 95 Tenn. 413; 32 S. W. 307; 38 Cyc. 1528; 6 Ohio 65; 38 Ark. 334; 84 Ill. 446.

3. In order to recover, plaintiffs must show, (1) that they were defrauded by false and fraudulent misrepresentations; (2) that they relied on same; (3) that they had a right to rely upon same; (4) that they were injured. Cases *supra*.

*M. E. Vinson*, for appellee.

1. The instructions given cover the requirements prescribed by this court. 47 Ark. 148. But appellant can not complain since it did not ask the court to give an instruction covering their conclusion. 95 Ark. 593; 89 *Id.* 300; 104 *Id.* 322; 88 *Id.* 225; 102 *Id.* 588; 103 *Id.* 28.

2. It would have been error for the court to have singled out the testimony and told the jury that it showed,

or did not show, certain facts, would have been reversible error.   62 Ark. 286; 88 *Id.* 7; 103 *Id.* 21; 105 *Id.* 467.

3.   The instructions as a whole cover the law fully. 100 Ark. 107; 97 *Id.* 358; 95 *Id.* 209; 93 *Id.* 316; 89 *Id.* 24; 85 *Id.* 179.

4.   Appellant's objection was general.   100 Ark. 269; 99 *Id.* 226; 98 *Id.* 352.

McCULLOCH, C. J.   This is an action instituted to recover damages on account of alleged deceit and fraudulent representations in the sale or exchange of lands.

Mattie D. Hisey, one of the plaintiffs, owned real estate in the city of Terre Haute, Indiana, and exchanged the same with defendant, American Realty Company, for two tracts of land in Cleburne County, each containing eighty acres.   She alleges in her complaint that defendant's agent induced her to make the exchange through false and fraudulent representations as to the location, quality and value of the land.   Her claim is, in brief, that she sent her husband to Cleburne County, Arkansas, with the agent of the defendant to inspect the land, and that, instead of showing her husband the tracts of land which were sold to her, he fraudulently showed him another tract and represented to him that it was the tract which was the subject of negotiations.

According to the testimony adduced by plaintiff, the tract pointed out to Hisey was covered with valuable timber and was suited for farming purposes, containing also a valuable spring of water which was useful in stock raising; whereas, the tract actually conveyed to Mrs. Hisey contained no merchantable timber at all, that it was unsuited for farming purposes, and had no spring on it at all.

The jury awarded damages to the plaintiff, and the defendant has prosecuted this appeal.

The only assignment of error pressed here is the ruling of the court in giving an instruction at the instance of plaintiff as follows:

"1.   If you believe, from a fair preponderance of all the evidence in this case, that the defendant's agent

did falsely, fraudulently, knowingly and deceitfully make to the plaintiffs representations concerning the character, quality, condition and location of the lands conveyed by the defendant to the plaintiffs, which representations induced the plaintiffs to convey to defendant their houses and lots of land in the city of Terre Haute, in the State of Indiana, and that the plaintiffs were misled to their injury by such false and fraudulent representations, and that the relative position of the parties to this action was such that the plaintiffs were necessarily presumed to contract upon the faith reposed in the statements of the defendant's agents, and that the plaintiffs did rely upon the false and fraudulent statements of the defendant's agents, and did have a right to rely upon them in full faith of their truth, then your verdict must be for the plaintiffs, and the measure of damages will be the difference between the real value of the lands so conveyed to plaintiffs, as shown by the evidence, and what it would have been had the representations made concerning it been true.''

The court also, on motion of defendant, gave the following instructions:

''1.  You are instructed that in order for the plaintiff to recover in this case you must find that the plaintiff has proven by a preponderance of the testimony that the defendant used some fraudulent inducement in the land deal referred to, and that the plaintiff not only relied on the fraudulent representations, but that in so doing, the plaintiff was damaged.''

''4.  Before representations of the seller of real estate can amount to fraud, the one claiming to suffer by fraud must be presumed to contract upon the faith and trust reposed in the seller on account of the superior information and knowledge in respect to the subject of the contract.''

''5.  I instruct you, gentlemen of the jury, that one who has had an opportunity to inform himself concerning the subject-matter of a contract can not complain of being misled.  And in this case, if you believe from all the evi-

dence that plaintiffs had a fair and reasonable opportunity to inform themselves as to the amount of timber on, and the value of, the lands in question, and did not so inform themselves, then they can not complain, and your verdict should be for the defendant."

This court, in the case of *Matlock* v. *Reppy,* 47 Ark. 148, laid down the principles of law applicable to this class of cases as follows (quoting from the syllabus):

"To maintain an action for damages for false and fraudulent representations as to land sold, the vendee must prove, (1) that the fraud related to some matter of inducement to the making of the contract; (2) that it wrought injury to him; (3) that the relative position of the parties was such, and their means of information such, that he must necessarily be presumed to have contracted upon the faith reposed in the statements of the vendor; and (4), that he did rely upon them, and had a right to rely upon them, in full belief of their truth."

Instruction No. 1, given by the court, was an attempt to follow that rule, and, so far as the law announced therein, it did adhere to the principles announced in *Matlock* v. *Reppy.*

It is insisted, however, that while the correct principles of law are announced, the instruction itself was erroneous because it placed upon the jury the duty of deciding questions of law, whereas the court should have stated hypothetically the circumstances under which the plaintiff would be presumed to have contracted upon the faith of the statements made by the defendant.

Conceding that the instruction is open to that objection, the defendant is not in an attitude to complain for the reason that its fourth instruction contained substantially the same language; and, besides that, this objection to the instruction should have been made specifically.

The same may be said of the objection to the other part of the instruction submitting to the jury for them to determine under what circumstances the plaintiff could rely upon the statements, instead of stating to the jury under what circumstances such reliance could be placed

upon the statements. There should have been a specific objection to the instruction, calling the court's attention to the criticism now made.

There is a serious conflict in the testimony, but we are of the opinion that there was enough testimony in support of the plaintiff's contention to warrant a submission of the issues to the jury. The judgment is therefore affirmed.